NOT DESIGNATED FOR PUBLICATION

Nos. 117,196
117,197

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DERONTA A. BYRD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed September 22, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Deronta A. Byrd appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in two separate cases. We granted Byrd's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed a response and requests that the district court's judgment be affirmed.

In 15CR2550, Byrd pled guilty to one count of possession of marijuana after a prior conviction. On October 21, 2015, the district court sentenced Byrd to 36 months' imprisonment and placed him on probation for 12 months.

1

In 16CR142, Byrd pled guilty to one count of possession of methamphetamine, one count of possession of a controlled substance, and three counts of battery against a law enforcement officer. On May 17, 2016, the district court imposed a controlling sentence of 36 months' imprisonment and a consecutive jail term of 12 months but granted probation with community corrections for 12 months. The sentence in 16CR142 was ordered to be served consecutive to the sentence in 15CR2550.

At a hearing on December 29, 2016, Byrd stipulated to violating the conditions of his probation in each case by failing to follow the staff instructions of the community corrections residential facility and by failing to refrain from the use of alcohol or drugs. The district court revoked Byrd's probation and ordered him to serve his underlying sentence in each case, specifically denying Byrd's request for a sentence modification. Byrd timely appeals from that order. The two cases have been consolidated on appeal.

On appeal, Byrd claims the district court "erred in revoking his probation and in imposing the underlying prison sentence." However, Byrd acknowledges that once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the sound discretion of the district court. The State argues that Byrd has failed to present any compelling facts to support a finding that the district court abused its discretion in revoking Byrd's probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2016 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A

district court abuses its discretion by committing an error of law in the application of K.S.A. 2016 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

K.S.A. 2016 Supp. 22-3716 generally provides that once a defendant has violated the conditions of probation, the district court must apply graduated intermediate sanctions before the court can revoke probation and order the defendant to serve the sentence imposed. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). In fact, the record in 15CR2550 reflects that Byrd received graduated sanctions from the district court in that case. But pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke an offender's probation without imposing additional intermediate sanctions if the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by such sanctions. Whether the district court's reasons are sufficiently particularized as required by statute is a question of law over which an appellate court has unlimited review. See *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015).

Here, in revoking Byrd's probation, the district court found that Byrd's welfare would not be served by additional intermediate sanctions. In making this finding, the district court noted that Byrd had failed to take advantage of the resources that were available to him. Byrd does not challenge the sufficiency of this finding on appeal. Based on the district court's offender welfare finding, the court was not required to impose additional intermediate sanctions in this instance. The district court's decision to revoke Byrd's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Thus, we conclude the district court did not abuse its discretion in revoking Byrd's probation and ordering him to serve his underlying prison sentences.

Affirmed.

3